**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Wayzata Nissan, LLC, | Case No. 0:13-cv-03651 (DSD/FLN) |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF MOTION FOR REMAND** |
| Nissan North America, Inc., | |
| Defendant. | |

Nissan North America, Inc. ("Nissan N.A.") has improperly removed the action *Wayzata Nissan, LLC v. Nissan North America, Inc.* from Minnesota state court. There is no diversity of citizenship as one of the members of Wayzata Nissan, LLC ("Wayzata Nissan")—and, therefore, Wayzata Nissan itself—has citizenship in common with Nissan N.A. Therefore, federal subject-matter jurisdiction is lacking and the case must be remanded to state court.

**FACTS**

**A.   Background of dispute**

Nissan N.A. is a California corporation that markets Nissan vehicles in the United States through authorized dealers such as Wayzata Nissan, which has been a Nissan dealer for over twenty-one years. (*Id.* at ¶¶ 15-16, 73.) Since at least 2004, Nissan N.A. has imposed performance requirements and incentives on Wayzata Nissan that Wayzata Nissan cannot satisfy or achieve, respectively, due to, *inter alia*, the inflated "primary

market area" (or "PMA") that Nissan N.A., in its discretion, assigned to Wayzata Nissan. (*Id.* at ¶¶ 78-97.)

Total new-vehicle sales within a dealer's PMA determine the number of new Nissan vehicles that Nissan N.A. forces the dealer to sell to satisfy Nissan N.A.'s requirements or achieve Nissan N.A.'s pricing rebates. (*Id.* at ¶¶ 47-66.) Because, among other reasons, Nissan N.A. configured Wayzata Nissan's PMA to be overly large and to include substantial territory separated from the dealership by Lake Minnetonka, Wayzata Nissan is at a competitive disadvantage and is unable to satisfy Nissan N.A.'s new-car sales requirements or receive rebates from Nissan N.A. while maintaining a reasonable level of profitability. (*Id.* at ¶¶ 161-62.)

**B.    The Lammle Irrevocable Trust becomes an owner and member of Wayzata Nissan**

Randy Lammle established the Lammle Irrevocable Trust on November 18, 2013 as a repository for his assets both presently and upon his death. (January 8, 2014 Declaration of Randy W. Lammle ("Lammle Decl."), filed concurrently, at ¶ 5.) Lammle set up the trust in California because he wanted to appoint Mark Regan, Lammle's half-brother who is a California resident, to serve as trustee. (*Id.* at ¶ 7.)

The Nissan Dealer Sales and Service Agreement that Wayzata Nissan entered into with Nissan N.A. on June 26, 1996 provides that "Dealer[, i.e., Wayzata Nissan] agrees that any change in the ownership of Dealer specified herein requires the prior written consent of Seller[, i.e., Nissan N.A.], excepting only changes in the record or beneficial

2

ownership interests of Other Owner(s) not effecting a change in majority control or interest." (*Id.* Exhibit 1 at art. Third (c).)

On November 18, 2013, the day the trust was established, the trustee purchased fifty units of Wayzata Nissan from "Other Owner" Lammle. (*Id.* at ¶ 8.) Because this did not effect a change in majority control or interest, Wayzata Nissan was not required to obtain Nissan N.A.'s prior consent to effectuate the sale. As a result of the sale, the trust holds a 0.5% interest in the LLC, and Regan, in his capacity as trustee, is a member of Wayzata Nissan. (*Id.* at ¶ 9; Compl. at ¶ 17.)

**C.    Wayzata Nissan serves a complaint on Nissan N.A. in Minnesota state court, alleging violations of MINN. STAT. § 80E.13(o) and breach of the covenant of good faith and fair dealing**

On December 2, 2013, Wayzata Nissan served a summons and complaint on Nissan N.A. (Dkt. 1 at ¶ 1.) The suit commenced as a Minnesota state-court proceeding venued in Hennepin County district court. (*Id.*) In its complaint, Wayzata Nissan brings claims under MINN. STAT. ¶ 80E.13(o) and the common-law covenant of good faith and fair dealing to recover for Nissan N.A.'s unfair and inequitable conduct. (Dkt. 1-1 at ¶¶ 163-217.)

**D.    Nissan N.A. attempts to remove the action to federal court**

On December 31, 2013, Nissan N.A. filed a notice of removal of Wayzata Nissan's suit to the United States District Court for the District of Minnesota. (Dkt. 1 at 1.)

**ARGUMENT**

**I.    Nissan N.A.'s notice of removal fails to establish that this Court has subject-matter jurisdiction over the case.**

3

As "the party seeking removal and opposing remand," Nissan N.A. "ha[s] the burden of establishing federal subject matter jurisdiction." *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). If federal subject-matter jurisdiction is lacking, the "case must be remanded." *Jepsen v. Hunter*, No. 13-660 (MJD/AJB), 2013 U.S. Dist. LEXIS 65653, at *7 (D. Minn. Apr. 4, 2013), *adopted by Jepsen v. Hunter*, No. 13-660 MJD/AJB, 2013 U.S. Dist. LEXIS 64913 (D. Minn. May 7, 2013). To carry its burden, Nissan N.A. must demonstrate "complete diversity," i.e., that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). The federal removal statutes, moreover, are to be "strictly construed" as they "impede upon states' rights to resolve controversies in their own courts." *Talus Grp. v. Ostrander*, No. 10-760(DSD/FLN), 2010 U.S. Dist. LEXIS 51427, at *3 (D. Minn. May 25, 2010). Furthermore, "the plaintiff remains the master of the claim," notwithstanding a defendant's attempted removal, "and any doubts about the propriety of removal are resolved in favor of remand." *Id.* Here, Nissan N.A. has failed to meet its burden of establishing that federal subject-matter jurisdiction exists. The case must, therefore, be remanded to state court.

    **A.**    **Wayzata Nissan is the only plaintiff in this matter, and the citizenship of its members is dispositive of whether federal diversity jurisdiction exists.**

For purposes of 28 U.S.C. § 1332, an LLC is a citizen of every state in which each of its members is a citizen. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *see also Key Enters., LLC v. Morgan*, No. 12-CV-

2628 (PJS/JSM), 2013 U.S. Dist. LEXIS 11693, at *3-4 (D. Minn. Jan. 29, 2013) (collecting cases). And, in the case of a trust, "the trustee's citizenship is what matters for the purposes of diversity jurisdiction." *U.S. Bank Nat'l Ass'n v. Polyphase Elec. Co.*, No. 10-4881 (DWF/LIB), 2011 U.S. Dist. LEXIS 92524, at *2 (D. Minn. Aug. 17, 2011) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980)). For purposes of 28 U.S.C. § 1332, therefore, Wayzata Nissan is a citizen of Minnesota, as three of its members are Minnesota citizens (Dkt. 1-1 at ¶ 17), and it is also a citizen of California, as one of its members is the California trustee of the Lammle Irrevocable Trust (*id.*). Consequently, Wayzata Nissan has citizenship in common with the California corporation Nissan N.A.

In its notice of removal, Nissan N.A. cites a raft of inapposite authority, cases that all involve fraudulent claim-assignments. *See Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 824, 830 (1969) (holding that assignment of cause of action for $1 was ineffective to create federal diversity jurisdiction); *Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1135 (8th Cir. 2011) (holding that partially assigned interest in claim may be disregarded in diversity jurisdiction analysis); *Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc.*, 149 F.3d 794, 797-98 (8th Cir. 1998) (reversing and remanding for lack of subject-matter jurisdiction because complete diversity was lacking; holding that "district court went astray when it tried to finesse the overarching rule that diversity jurisdiction depends on the citizenship of the real parties to the controversy when the complaint is filed"); *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 599-600 (9th Cir. 1996) (holding that partial assignment of claim, representing a 12% contingent interest, did not affect diversity jurisdiction); *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181,

186 (5th Cir. 1990) (holding that assignment of "comparatively small" portion of claim that was "essentially a contingent fee arrangement for collection work" did not affect diversity jurisdiction).

In contrast to all of the cases cited by Nissan N.A., the present action involves no claim assignment, as Wayzata Nissan, i.e., the only Plaintiff in this matter, has at no time made or received an assignment of any of its claims. Nissan N.A.'s argument fails, therefore, because it is based on the mistaken conflation of LLC members with parties to a lawsuit.

Indeed, in *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567 (2004), the United States Supreme Court rejected the crux of the argument that Nissan N.A. attempts to make here. In *Grupo Dataflux*, the Court explained that members of an entity that is the plaintiff in a lawsuit are not to be mistaken for distinct parties. 541 U.S. at 578-79 ("It is true that the court 'looks to' the citizenship of the several persons composing the entity, but it does so for the purpose of determining the citizenship of the entity that is a party, not to determine which citizens who compose the entity are to be treated as parties.")

In addition to confusing the concepts of member and party, Nissan N.A. cites cases involving transactions devoid of consideration aimed at generating federal jurisdiction. *See supra*. The present facts bear no resemblance to these scenarios because the Lammle Irrevocable Trust purchased a membership interest in Wayzata Nissan for fair market value (Lammle Decl. at ¶ 8), and the trust's membership interest eliminates, rather than creates, federal jurisdiction.

### B.   Lammle's motivation for setting up an irrevocable trust in California has no bearing on whether federal subject-matter jurisdiction exists.

Nissan N.A.'s allegation that Wayzata Nissan desired to destroy diversity jurisdiction, even if this allegation had a basis in fact, is immaterial because "motive is not the dispositive issue." *Slater*, 650 F.3d at 1135; *cf. Cnty. of Todd, Minn. v. Loegering*, 297 F.2d 470, 473 (8th Cir. 1961) (holding that although plaintiff-trustee was appointed to secure "a federal forum," the motive behind the appointment must "be excluded in the evaluation of the manufacturing of diversity jurisdiction charge"). Indeed, the Eighth Circuit, in *Curb & Gutter Dist. No. 37 of City of Fayetteville, Ark. v. Parrish*, 110 F.2d 902 (8th Cir. 1940), analyzed the defendant's argument that the plaintiffs appointed a non-resident trustee for the purpose of creating federal jurisdiction. 110 F.2d at 906. The Eighth Circuit rejected the defendant's argument, holding that "the motive which may have actuated or induced the bondholders to select a non-resident trustee is immaterial." *Id.* Regardless of the effect that a trustee's citizenship has on subject-matter jurisdiction, therefore, this Court is neither required nor permitted to analyze the reasons why the trust was established. Nor is this Court required or permitted to question business owners' decisions to, *inter alia*, sell their member units to a trust or to any other person.

This case is analogous to *Parrish*, except that this case involves a trust that precludes, rather than creates, federal diversity jurisdiction. The rationale of *Parrish* accordingly applies with even greater force here. The Lammle Irrevocable Trust is a valid entity, the "appointment and qualification of the [trustee] was real and bona fide," and Lammle, in creating the trust, "simply did that which was lawful." *Id.* The trust is valid,

7

the trust's membership interest in Wayzata Nissan is valid, and Nissan N.A.'s argument that this Court has a basis for "disregard[ing]" these facts fails.

## CONCLUSION

For the foregoing reasons, Wayzata Nissan respectfully requests that this Court grant its motion for remand.

DATED: January 8, 2014  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: *s/ Aaron R. Thom*
   Christopher W. Madel, Atty No. 0230297
   Aaron R. Thom, Atty No. 0392646

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-338-4181
cwmadel@rkmc.com
arthom@rkmc.com

**ATTORNEYS FOR PLAINTIFF WAYZATA NISSAN, LLC**

84457410.1